LOT RIDER *versus* ELBRIDGE G. THOMPSON & al.

The poor debtor's oath should be administered by two justices of the peace,
each of the quorum ; but if one only be of the quorum, the act of 1839, c.
366, gives relief.

A poor debtor's bond is forfeited by an omission to take the *legal* oath ; and
the act of 1839, c. 366, does not give relief, when an oath found in a re-
pealed act, is administered, instead of that required by the statutes in force
at the time.

DEBT on a bond dated Nov. 30, 1838, given by E. G.
Thompson, as principal, with the other defendant as surety,
to procure his release from imprisonment by virtue of an exe-

Rider *v.* Thompson.

cution in favor of the plaintiff. The defendants introduced the certificate of two justices of the peace *quorum unus,* that after due examination, &c. they had administered to the debtor the oath prescribed in the act entitled " An act for the relief of poor debtors." This was the poor debtor act of 1835.

At the trial before Tenney J. the plaintiff objected, that no performance of the condition was shown, because the statute required, that both justices should be of the quorum. The Judge ruled, that the certificate did not, on that account, show a performance of the condition of the bond, but that it was competent evidence to go to the jury, under the statute 1839, c. 366, and *prima facie* evidence, that the debtor was destitute of property.

The plaintiff also objected, that as the proper oath had not been administered, the certificate was not evidence of any fact, but was wholly void. The Judge ruled, that the certificate was *prima facie* evidence of the facts therein contained, and conclusive evidence to show due notice to the creditor, and sufficient to show, that the proper oath had been taken by the debtor. And also, that to maintain his action the plaintiff was bound to show, that at the time of taking the oath the debtor had property which might be available to him on his execution.

The verdict was, that there had been a breach of the condition of the bond, but that the plaintiff had sustained no damages. The plaintiff filed exceptions.

*J. A. Poor,* for the plaintiff, insisted that each of the objections taken at the trial was fatal to the defence set up, and that therefore the instructions were erroneous; and cited *Williams* v. *Turner.* 19 Maine R. 454.

*A. G. Jewett,* for the defendants, contended that the statute of 1839, applied to both the objections, and that the jury were authorized thereby to find only the damages actually sustained.

The opinion of the Court was by

SHEPLEY J. — This is an action of debt upon a poor debt-or's bond. The certificate of two justices *quorum unus* was introduced by the defendants to prove a performance of the condition. The oath should have been administered by two justices of the quorum. But the act of 1839, c. 366, gave relief in such cases.

There is a more serious difficulty. The condition of the bond properly provided, that the debtor should take the oath prescribed by the seventh section of the act of 1836, c. 425. The certificate introduced shews, that he took the oath pre-scribed in an act for the relief of poor debtors, which is the act of 1835, c. 195. This was not the lawful oath to be ad-ministered ; and the bond was forfeited by the omission to take the legal oath ; and the act of 1839, did not give any relief in such cases.

*Exceptions sustained, and new trial granted.*